IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

REGINA PATRICE HARRIS, )
)
Plaintiff, )
)
v. ) Case No. 7:18-cv-02069-TMP
)
THE UNIVERSITY OF ALABAMA, )
)
Defendant. )

# **MEMORANDUM OPINION**

This matter is before the court on The University of Alabama's[1] ("Defendant" or "University") Motion to Dismiss filed on February 1, 2019. (Doc. 7). The University of Alabama argues that the claims brought pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626(b), are due to be dismissed because the University is immune from suit on these claims under the Eleventh Amendment to the United States Constitution, because the Plaintiff failed to exhaust administrative remedies for her retaliation claim, and because plaintiff has failed to plead a plausible case of retaliation. The plaintiff filed a document in response, titled "Plaintiff's Motion to Proceed with Civil Case against the

---

[1] The motion and plaintiff's subsequent response uses case style of Regina Patrice Harris v. The Board of Trustees of the University of Alabama. However, plaintiff has not filed an amended complaint to change the defendant, and the original complaint lists the University of Alabama (Brewer Porch) as the defendant. Accordingly, the court will refer to the defendant as the University of Alabama.

1

University of Alabama, which alleges that she can provide proof of her allegations but does not address subject-matter jurisdiction in any way. (Doc. 9). The parties have consented to dispositive jurisdiction by a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c). (Doc.12).

An assertion of Eleventh Amendment immunity challenges the subject matter jurisdiction of the court and is treated as a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(1). See Black v. Wigington, 811 F.3d 1259, 1270 (11th Cir. 2016) ("Sovereign immunity is a question of jurisdiction. . . ."); see also Gordon v. Bentley, No. 7:15-cv-02282-LSC, 2016 WL 4379537, at *1 (N.D. Ala. Aug. 17, 2016) ("The issue of whether a defendant is entitled to Eleventh Amendment immunity is a threshold question of jurisdiction."). Where the entity asserting the immunity is an arm of the state, and there has been no waiver or express abrogation of that immunity, the Eleventh Amendment serves as a jurisdictional bar to suit. See Gordon, 2016 WL 4379537, at *1-2.

Under a Rule 12(b)(1) motion, "attacks on subject matter jurisdiction . . . come in two forms[:]" facial challenges and factual challenges. Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990). "Facial challenges to subject matter jurisdiction are based solely on the allegations in the complaint." Carmichael v. Kellogg, Brown & Root Services, Inc., 572 F.3d 1271, 1280 (11th Cir. 2009). For factual challenges, "the court must, as with a Rule 12(b)(6)

2

motion, take the complaint's allegations as true." Carmichael, 572 F.3d at 1280. Factual challenges attack "'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" Lawrence, 919 F.3d at 1529 (quoting Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980)).[2] Here, because the defendant does not "challenge jurisdiction on facts not available in the complaint[,]" the defendant has facially, not factually, challenged the existence of subject matter jurisdiction as it relates to the ADEA claims brought against the University. Gordon, 2016 WL 4379537, at *1.

The plaintiff's ADEA claims against the University are due to be dismissed because the claims are barred by the Eleventh Amendment, which prohibits federal courts from exercising jurisdiction over a State or an arm of a State when sued by private individuals without the state's consent. "Although the express language of the amendment does not bar suits against a State by its own citizens, the Supreme Court has held that an unconsenting state is immune from lawsuits brought in federal court by the state's own citizens." Carr v. City of Florence, 916 F.2d 1521, 1524 (11th Cir. 1990). A citizen may bring a suit against a State in federal court if Congress abrogates the States' Eleventh Amendment immunity "pursuant to the

---

[2] The Eleventh Circuit Court of Appeals has adopted as binding precedent the decisions of the former Fifth Circuit decided prior to October 1, 1981. Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

enforcement provisions of [S]ection 5 of the [F]ourteenth [A]mendment" or if a State "waive[s] its immunity expressly through legislative enactment." Carr, 916 F.2d at 1524.

Congress has not validly abrogated a State's Eleventh Amendment immunity in ADEA cases. In Kimel v. Florida Bd. of Regents, 528 U.S. 62, 91, 120 S. Ct. 631, 145 L. Ed. 2d 522 (2000) the Supreme Court held that, although the enactment of the ADEA was an attempt by Congress to abrogate State sovereign immunity, it was not a proper exercise of abrogation power under § 5 of the Fourteenth Amendment and, therefore, not valid. See also Harris v. Bd. of Trustees Univ. of Alabama, 846 F. Supp. 2d 1223, 1233 (N.D. Ala. 2012). Likewise, the State of Alabama has not waived its immunity in ADEA cases. Ala. Const. art. 1, § 14 ("the State of Alabama shall never be made a defendant in any court of law or equity.").

It is well settled that state universities in Alabama, and the boards that govern these universities, are state agencies for purposes of Eleventh Amendment immunity. Harden v. Adams, 760 F.2d 1158, 1173 (11th Cir. 1985), cert. denied, 474 U.S. 1007 (1985) ("The Alabama Supreme Court has also determined that the Board of Trustees of a state university is entitled to sovereign immunity as an instrumentality of the state."); see also Eubank, 210 F. App'x at 844-45 ("The University of Alabama Board of Trustees is a state agency . . . ."); Harris v. Bd. of

Trs. of the Univ. of Ala., 846 F. Supp. 2d 1223, 1233 (N.D. Ala. 2012); Price v. Univ. of Alabama, 318 F. Supp. 2d 1084, 1088 (N.D. Ala. 2003).

Upon finding that the plaintiff's claims are barred by Eleventh Amendment immunity, the court finds it is unnecessary to address defendant's claims that the plaintiff failed to exhaust her administrative remedies or failed to state a *prima facie* case of retaliation. The defendant's motion to dismiss the ADEA claims brought against the Board on grounds of state sovereign immunity is due to be granted, and all of plaintiff's claims are due to be dismissed without prejudice[3] for want of subject-matter jurisdiction due to Eleventh Amendment immunity of the sole defendant.

To the extent that the plaintiff has alleged a claim for defamation of character under Alabama state law, that claim is due to be dismissed without prejudice. Because there are no remaining viable federal claims in the case, the

---

[3] In a form complaint, the plaintiff only checked the box of "Age Discrimination in Employment Act" when asked the basis of jurisdiction of her claims. She does make some brief statements regarding race, saying that "Dr. Grimes "target[ed] Caucasian males to assist with therapy treatments." To the extent that plaintiff tried to raise any claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-5, for race discrimination, these claims would be due to be dismissed as unexhausted because the plaintiff did not allege race discrimination in her EEOC charge. More fundamentally, such a complaint does not allege that *she* was the victim of any *employment*-related racial discrimination. To the extent certain clients at the University's Brewer Porche Children's Center were treated differently due to race, the plaintiff has no standing to assert claims on their behalf, and certainly not in her own name. Nor does the plaintiff allege that she suffered retaliation with respect to an *employment*-related protected activity. She alleges that she suffered retaliation because she complained about Dr. Grimes's special treatment of Caucasian clients. This is not a protected activity under either the ADEA or Title VII because it was not opposition to something made unlawful by either the ADEA or Title VII. She did not complain about employment discrimination based on age or race, but allegedly different treatment of clients based on race.

court is without supplemental jurisdiction over the remaining state law defamation claim. Accordingly, the plaintiff's defamation claim is due to be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c). A separate order will be entered.

DONE this 4th day of April, 2019.

_____
T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE